**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Ellen Price,                                    )<br>                                                    )<br>             Plaintiff,                           )<br>                                                    )<br>     v.                                             )<br>                                                    )<br>Allstate Insurance Company,          )<br>Henry Johnson,                               )<br>Joe Stubbs, and Unknown Managers,  )<br>Administrators and Adjusters of Defendant  )<br>Allstate (Collectively referred to as   )<br>Defendants Doe),                            )<br>                                                    )<br>             Defendants.                      )<br>_____) | Civil Action No. 1:14-cv-04081-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to Plaintiff Ellen Price's ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Allendale County, South Carolina. (ECF No. 10.) Defendants Allstate Insurance Co. ("Allstate"); Henry Johnson ("Johnson"); Joe Stubbs ("Stubbs"); and Unknown Managers, Administrators and Adjusters of Defendant Allstate ("Does") (collectively "Defendants") oppose Plaintiff's Motion to Remand and ask the court to retain jurisdiction and dismiss the lawsuit. (ECF Nos. 4, 15.) For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 10). In light of this determination, the court declines to address Defendants' Motion to Dismiss (ECF No. 4), leaving that Motion for resolution by the state court.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On or about December 6, 2007, Plaintiff was involved in a motor vehicle collision with a vehicle driven by Shellie Beach ("Beach"). (ECF No. 1-2.) On April 2, 2009, Plaintiff filed suit against Beach for the December 6, 2007 collision. (ECF No. 1-3 at 2 ¶ 5.) After filing suit, Plaintiff settled with Beach for $18,500.00 pursuant to Ms. Beach's liability policy from State

1

Farm Mutual Insurance Company and agreed to engage in a Covenant Not to Execute. (*Id.* at ¶ 9.) Prior to the settlement with Beach's liability carrier, Plaintiff asserts that she demanded the policy limits of her UIM coverage from her UIM carrier, Allstate. (ECF No. 10-1 at 1.) Allstate asserts that it refused Plaintiff's demand of the policy limits on her UIM policy and assumed the defense of the lawsuit from the underlying December 6, 2007 motor vehicle collision between Plaintiff and Beach. (ECF No. 4-1 at 2.) In August 2011, Plaintiff alleges that she and Allstate went to trial which resulted in a jury verdict in favor of Plaintiff in the amount of $245,000.00. (ECF No. 1-1 at 6 ¶¶ 19, 21.) Allstate asserts that it timely filed post-trial motions which were subsequently denied by the trial judge, with the exception of its motion for new trial nisi remittitur which the trial judge granted and reduced the verdict to $50,000.00. (ECF No. 4-1 at 2.) Both parties accepted the remittitur within two weeks of the judge's order. (*Id.*).

On August 14, 2014, Plaintiff filed the instant lawsuit in the Allendale County Court of Common Pleas and served Allstate on September 22, 2014, and Johnson and Stubbs on October 3, 2014. (ECF Nos. 1 at 1 & 1-1 at 1.) Plaintiff alleges liability against Defendants for bad faith denial of insurance benefits, breach of contract, negligence, civil conspiracy, barratry, and outrage during the processing of Plaintiff's claim for benefits under her underinsured motorist insurance coverage ("UIM"). (ECF No. 1-1 at 6–11.) Plaintiff alleges that a demand was made to Allstate for the policy limits of Plaintiff's UIM coverage of $25,000.00, and after disclosure of various medical bills and records Defendant did not accept Plaintiff's demand, forcing Plaintiff to the August 2011 trial for the automobile collision. (ECF No. 10-1 at 2.) Plaintiff further alleges that Defendants' purpose for going to trial was not because of a valid dispute but rather to make an example out of Plaintiff's case in hopes of showing Allstate's unwillingness to settle and to force claimants to trial regardless of the legitimacy of the claimant's injuries. (*Id.*)

Defendants timely filed a notice of removal to this court, asserting that Johnson, Stubbs, and Does were joined only for the purpose to destroy diversity jurisdiction. (ECF No. 4-1 at 3.) Plaintiff then filed a Motion to Remand this case to the Allendale County Court of Common Pleas on the grounds that removal by Defendants was improper, alleging Defendants insufficiently pled fraudulent joinder. (ECF No. 10-1 at 2.)

## II. LEGAL STANDARD

A. Removal by way of Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267).

In cases in which the district court's jurisdiction is based on diversity of citizenship, removal is further limited in that a federal court may exercise jurisdiction only if no defendant is a citizen of the state where the action has been initiated. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Furthermore, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing a case based on diversity jurisdiction, the party invoking federal jurisdiction must allege the same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Since federal courts are forums of limited

3

jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

B. <u>Fraudulent Joinder Standard</u>

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party. *See Mayes* 198 F.3d at 461. To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is **no possibility** that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)) (emphasis added).[1] "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* (citing *Marshall*, 6 F.3d at 232–33). Additionally, the Fourth Circuit has held a defendant's burden when alleging fraudulent joinder exceeds the burden for dismissal based on Fed. R. Civ. P. 12(b)(6). *Id.* In contrast, all the plaintiff must show is a "glimmer of hope" for recovery, *Mays*, 198 F.3d at 466, or "a slight possibility of relief" in state court to counter a defendant's alleged fraudulent joinder. *Hartley*, 187 F.3d at 426.

### III. DISCUSSION

Defendants do not challenge the amount in controversy nor do they challenge citizenship

---

[1] Defendants do not allege any "outright fraud in the jurisdictional facts of the pleadings." For purposes of this Order, the court will not examine the questions of law or fact related to this method of fraudulent pleading.

of Plaintiff, Johnson, or Stubbs in their Notice of Removal to this court. (ECF No. 1 at 2.)[2] This dispute is centered on the question of whether Plaintiff fraudulently joined Johnson and Stubbs for the purpose of destroying diversity of these adverse parties. (ECF No. 4 at 6 ¶ 4.) Because the citizenship of Allstate, an Illinois corporation, does not destroy diversity pursuant to § 1332, the court will not address Plaintiff's claims particular to it in this order for remand. (*See* ECF No. 1 at 2.)

In her initial Complaint, Plaintiff alleges the following four causes of action against Stubbs and Johnson: negligence, civil conspiracy, barratry, and outrage (intentional infliction of emotional distress). (ECF No. 1-1 at 8–12.) Under South Carolina law, a plaintiff must satisfy three elements in order to establish a cause of action for negligence: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citing *S.C. State Ports Auth. v. Boor–Allen & Hamilton, Inc.*, 346 S.E.2d 324 (S.C. 1986)).

The main dispute pertaining to the negligence claim is the existence of a duty owed to Plaintiff by Stubbs and Johnson. In her Complaint and Motion to Remand, Plaintiff contends that the court should assume that Stubbs and Johnson had a duty to (1) exercise due care in adjusting Plaintiff's claim and (2) not act in bad faith in processing and investigating his claim. (ECF No. 1-1 at 8–9.) Defendants argue that because Johnson is not a party to the insurance contract, he does not owe Plaintiff a duty of care or of fair dealing. (ECF 14 at 6.) "An

---

[2] The citizenship of Does, who have yet to be identified, cannot be taken into consideration when determining whether removal is proper. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction… the citizenship of defendants sued under fictitious names shall be disregarded."). Defendants properly recognized this court's obligation to disregard the citizenship of Defendants Doe in their Notice of Removal. (ECF No. 1 at 3.)

affirmative legal duty to act exists only if created by a statute, contract, relationship, status, property interest, or some other special circumstance." *Carson v. Adgar*, 486 S.E.2d 3, 5 (S.C. 1997).

For the negligence claim, Defendants assert that Johnson and Stubbs do not owe a duty of care to Plaintiff in their capacity, respectively, as in-house and independent claims adjusters. (*See* ECF No. 14.)  In their memorandum in opposition to Plaintiff's Motion for Remand (*id.*), Defendants cite to various cases and improperly apply the "no possibility" standard, as set forth in *Hartley,* which is required to meet their obligation to prove fraudulent joinder. (*See* ECF No. 14 at 6-7.)  First, Defendants compare the case here to the Honorable David C. Norton's order in *Stewart v. State Farm Fire & Cas. Co.* in which remand to state court was denied to a plaintiff for fraudulently joining an insurance **agent** who was not a party to the insurance contract. No. 2:11-cv-03020-DCN, 2012 WL 253136, at *1 (D.S.C. Jan. 26, 2012) (emphasis added).  In regard to Johnson, the employee status of this joined party is not in dispute, as only the issue of the existence of a duty owed to Plaintiff and whether there is a possibility Plaintiff may recover will be litigated in state court. (ECF No. 1-3 at 1 ¶ 2.)  Defendants do not challenge and Johnson admits he is an employee adjuster of Allstate in his affidavit. (*Id.*)  The rationale for denying remand in *Stewart* was based on the lack of a duty of care owed to an insured by an insurance agent. *See Stewart*, 2012 WL 253136, at *2. *Stewart* is not relevant to prove the absence of a duty of care between Plaintiff and Johnson since Johnson is an in-house insurance adjuster and not an insurance agent.

Next, Defendants cite to a series of cases outside this district that hold that in-house insurance adjusters do not owe a duty to an insured thereby making joinder of the adjusters fraudulent because there is no possibility for liability. (ECF No 14 at 7–8.)  While the rationale

6

of these out of district cases may follow a trend favorable to Defendants, this argument does not meet the standard that there is "no possibility . . . of establishing a cause of action against the in-state defendant in [South Carolina] state court." *Hartley*, 187 F.3d at 424. Nevertheless, Defendants assert that the South Carolina Supreme Court "should also align this state with the majority rule that does not recognize a cause of action against an insurance adjuster in situations such as claimed by the Plaintiff in this litigation." (ECF No. 14 at 8.)

In contrast to Defendants' assertions, there is *Winburn v. Ins. Co. of N. Am.*, 339 S.E.2d 142 (S.C. Ct. App. 1985). In *Winburn*, an insured notified his insurer when his trawler sank so that the insurer could assess the damages. *Winburn,* 339 S.E.2d at 144. The insured then hired a mechanic recommended to the insured by the insurer's adjuster. *Id.* at 145. As a result of the mechanic failing to repair the trawler, the insured brought a negligence action against the insurer and the adjuster. *Id.* The insured's negligence claim contained several theories including negligent adjustment, negligence in acting in bad faith, and unreasonably processing the claim. *Id.* at 147–48. The court ultimately ruled in favor of the defendants by way of affirming a directed verdict based on lack of evidence of bad faith by the insurer, but the court did recognize the existence of the duty of the adjuster and the insurer. *Id* at 147. Again, based on the dispute in the above-captioned matter, South Carolina state court has at least recognized a duty by which Plaintiff may recover in first-party bad faith insurance claims against in-house adjusters. *See id.* In *Winburn*, the court recognized negligent adjustment as a viable cause of action against an insurance adjuster. Although the plaintiff in *Winburn* was ultimately defeated on a directed verdict, that court's recognition of the negligent adjustment cause of action against an insurance adjuster provides Plaintiff with a "glimmer of hope" of recovery in state court against Johnson, an employee insurance adjuster, for negligent adjustment of her claim. *See Hartley*, 187 F.3d at

7

425–26.

In *Charleston Dry Cleaners*, the Supreme Court of South Carolina held that "although the insurer owes the insured a duty of good faith and fair dealing, this duty of good faith arising under contract does not extend to a person who is not a party to the insurance contract." *Id*. at 586 S.E.2d at 588. *Charleston Dry Cleaners* specifically held that two independent adjusters hired by an insurance company to perform adjustments did not owe a duty to the insured. *Id.* The court's opinion does not address whether or not an employee in-house adjuster owes a duty to an insured. *See id.* "The court infers that the *Charleston* court did not intend for this ruling to cover adjusters who are employees of insurance companies and who adjust claims specifically between their employer and its claimants." *Addison v. Travelers Indem. Co. of Am.*, No. 1:09-cv-03086, 2010 WL 3258585, at *3 (D.S.C. Aug. 17, 2010). Defendants are correct in arguing that *Charleston Dry Cleaners* precludes an independent adjuster from owing an insured a duty of care in processing their claim. However, Johnson in this case is employed as an in-house insurance adjuster as opposed to the improperly joined defendant in *Charleston Dry Cleaners* who was an independent insurance adjuster. The employee status of Johnson as an in-house adjuster does not establish "no possibility" of liability of an independent adjuster.[3]

In the third cause of action against all Defendants, including Johnson, Plaintiff alleges negligence based on certain duties owed to her in the proper handling of her UIM claim. (ECF

---

[3] Although not binding on this court, it is apparent that the state court of South Carolina has recognized the possibility that in-house insurance adjusters owe a duty of care to a plaintiff for first-party bad faith insurance claims. In that court's denial of defendant's motion to dismiss, the Hampton County Court of Common Pleas noted that: "In *Charleston Dry Cleaners* the Court was faced with the issue of whether an independent insurance adjuster . . . as opposed to an in house adjuster owes a duty of care to the insured. In answering in the negative, the Court was very careful to limit its holding to independent insurance adjusters…. [T]he Court was especially careful to limit its holding to independent insurance adjusters thereby leaving the **possibility** of negligent adjustment against in house insurance adjusters as well as insurance companies." (ECF No. 10-4 at 5 n.2.)

No. 1-1 at 8 ¶ 36.) Johnson has admitted that he is an employee adjuster for Defendant Allstate, and Defendant Allstate has not challenged this assertion. (ECF No. 1-3 at 1 ¶ 2.) Based on the recognition by the South Carolina state courts of the existence of a potential duty of care owed to an insured by an adjuster as stated in *Winburn* and the South Carolina Supreme Court's narrow limitation of a duty of care to only independent and not to employed in-house insurance adjusters in *Charleston Dry Cleaners*, Defendants have not met their burden to prove that there is "no possibility" that Plaintiff will recover in state court against Johnson.

Johnson is a citizen of the State of South Carolina, as is Plaintiff. The requirements of § 1332(a) require complete diversity between parties in order for this court to maintain jurisdiction. *See Strawbridge*, 7 U.S. at 267. The court is not required to predict how a state court will resolve the issues of law and fact in this case, but the success of one party is not required to defeat removal. *See Marshall*, 6 F.3d at 233. The court has identified a "glimmer of hope" for recovery by Plaintiff against Johnson thereby spoiling the diversity requirements of § 1332(a). Therefore, the jurisdictional inquiry ends as to the fraudulent joinder of the remaining parties. *See Hartley*, 187 F.3d at 425–26.

Although there is a factual dispute of whether or not Stubbs was fraudulently joined, there is clearly "a glimmer of hope" that Plaintiff may recover against nondiverse Johnson and Allstate in state court. Upon finding Plaintiff's potential success on the negligence cause of action, South Carolina substantive tort law controls whether Stubbs is a properly joined defendant. Rule 20(a) of the South Carolina Rules of Civil Procedure provides:

> All persons may be joined in one action as defendant if there is asserted against them jointly, severally, or in the alternative, and right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Rule 20(a), SCRCP.

As such, this court concurs with Plaintiff's contention that under South Carolina law, Johnson is a properly joined defendant. Therefore, since Plaintiff and Johnson share common citizenship as residents of South Carolina, complete diversity does not exist. The court therefore need not address the alleged fraudulent joinder of Stubbs. *See Caterpillar*, 519 U.S. at 68. Furthermore, because the court will remand this action to state court, Defendants' Motion to Dismiss based on Fed. R. Civ. P 12(b)(6) will be more appropriately addressed by that court.

## IV. CONCLUSION

Based on foregoing, the court hereby **GRANTS** Plaintiff's Motion to Remand and orders the remand of this action to the Allendale County (South Carolina) Court of Common Pleas for further proceedings. (ECF No. 10.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 15, 2015
Columbia, South Carolina